IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BURTON HAGWOOD,

    Petitioner,

    v.                                Civil Action No. 3:04cv113
                                      Criminal Action No. 3:00cr13

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 26, 2004, the *pro se* petitioner, Burton Hagwood, filed a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2255 to Show Jurisdictional Defect/Constitutional Error and Ineffective Assistance of Criminal Defense Counsel. By Order entered on January 20, 2005, the Court directed the respondent to answer the motion. On February 3, 2005, the respondent filed United States' Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255. Also, on February 3, 2005, the respondent filed United States' Response to Defendant's Motion for Counsel Response to the Claim Asserted in the Defendant's Motion Pursuant to 28 U.S.C. §2255. On February 4, 2005, the petitioner filed a Motion to Have Defense Counsel Respond to Petition Claiming Ineffective Assistance of Counsel. On February 16, 2005, the petitioner filed Response to United States Motion to Deny Petitioner's Motion of Jurisdictional Defect Showing Ineffective Assistance of Criminal Defense Counsel. On March 9, 2005, the petition requested free copies of his indictment, plea agreement, transcript of change of plea hearing, sentencing hearing transcript, his first §2255 motion, and his pre-sentence report.

This matter is pending before me pursuant to the December 7, 2004 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge.

## A. Conviction and Sentence

On July 20, 2000, Hagwood pled guilty to distribution of crack cocaine in violation of 21 U.S.C. §841(a)(1). On November 20, 2000, the Court sentenced the petitioner to 151 months imprisonment.

## B. Appeal

The petitioner filed an appeal with the Fourth Circuit Court of Appeals from the judgment of conviction. On appeal, the petitioner raised the issue of ineffective assistance of counsel. The Court of Appeals found that, because "the record does not conclusively establish ineffective assistance of counsel," the petitioner's claim was not proper for direct appeal, but should be brought in a §2255 motion. United States v. Hagwood, 19 Fed. Appx. 51 (4th Cir. 2001).

## C. Federal Habeas Corpus

On September 26, 2001, the petitioner filed a §2255 motion in which he alleged that he was provided ineffective assistance of counsel for various reasons and that his guilty plea was not knowing and voluntary. By Order entered on September 19, 2002, the Court denied the motion on its merits. The petitioner filed an application for certificate of appealability. On April 7, 2003, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the petitioner's appeal.

Now, the petitioner has filed another §2255 motion. In the instant motion, the petitioner alleges that his sentence was enhanced based on an uncounseled 1999 state battery conviction. He further asserts his counsel in his federal case was ineffective for numerous reasons. The respondent

asserts that the motion should be dismissed as a successive motion.

## II. ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The undersigned finds that the current §2255 motion is a successive motion because the petitioner's first §2255 motion was considered on the merits, and his current §2255 motion challenges the same sentence as was challenged in his first §2255 motion.

However, the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court. Thus, pursuant to 28 U.S.C. §2244 and 28 U.S.C. §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).

It is recommended that the petitioner's §2255 motion be dismissed for lack of jurisdiction. Further, because the undersigned finds that the Court has no jurisdiction over the petitioner's §255 motion, there is no need for a hearing, and the petitioner's motion to have defense counsel respond

to his motion should be denied.

Lastly, the petitioner's request for free copies of various documents in his criminal case should be denied. 28 U.S.C. §2250 provides as follows:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

However, it is also well settled that a federal prisoner is not entitled to copies of court records at government expense, without a showing of need, merely to search the record for possible error. United States v. Glass, 317 F. 2d 200, 202 (4th Cir. 1963).

The petitioner has not made a showing of need regarding the requested documents. Furthermore, in light of the instant motion being a successive motion, the Court has no jurisdiction over his motion. Thus, the undersigned recommends the petitioner's motions for copies be denied.

### III.  RECOMMENDATION

For the reasons stated herein, it is accordingly recommended that the Court enter an Order **DISMISSING WITHOUT PREJUDICE** the petitioner's §2255 motion as being successive, and **DENYING** his Motion to Have Defense Counsel Respond to Petition Claiming Ineffective Assistance of Counsel and his motion for copies.

Any party may file within ten (10) days after being served with a copy of this Report and Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District

4

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[1]

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: August 23, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).